TODD, &c.
*vs.*
CAINES.

ceeds the penalty, by the payment of the penalty alone.

2. But if the damages in such case be not paid on the happening of the breach, it will bear interest until it is paid. *Hughes v. Wickliffe,* 11 *B. Mon.* 202.

3. It is the duty of a guardian to pay to his ward what is due to him on the arrival of the ward to the age of 21 years. If he fails then to pay, the guardian is bound for interest on the funds in his hands until paid.

---

Case 22.

MOTION.

## Todd, &c., *vs.* Caines.

### APPEAL FROM LEWIS CIRCUIT.

1. The statements in a notice of a motion against a sheriff and his sureties, for failing to pay money to a county creditor, cannot be taken for confessed; the court should hear proof of the facts showing liability.

2. The ten per cent. allowed against a sheriff and his sureties for failing to pay a county creditor, according to the order of the county court, is in the form of damages upon the sum due, and not a running interest upon the sum due.

3. It should be made appear to the court that there was funds in the sheriff's hands to pay the claim, after satisfying all claims previously ordered by the county court to be paid; and the notice should state that fact.

*Todd, &c.*
*vs.*
*Caines.*

This was a motion by the plaintiff against the Sheriff of Lewis county, and his sureties, for failing to pay to the plaintiff two sums, one of $50 and another of $345, ordered by the county court at the February term, 1855, to be paid by the Sheriff to Caines out of money due the county in his hands, and for ten per cent. on said sums. The defendants not appearing the court took the facts alledged in the notice for confessed, and rendered judgment for the sums claimed, with ten per cent. interest until paid, and the Sheriff and his sureties have appealed.

Case Stated.

*Harrison Taylor*, for appellants—

The judgment of the county court is erroneous, and should be reversed.

1. Because the notice is defective. (*Civil Code, sec.* 481.)

2. The court erred in taking the facts set out in the notice as confessed, and rendering judgment for the amount claimed by plaintiff, without proof showing the liability of the Sheriff under the statute. (See *Revised Statutes, chap.* 26, *art.* 2, *sec.* 6, *and art.* 3, *sec.* 3.)

3. In rendering judgment for running interest at ten per cent.

*Wadsworth*, for appellee.

Judge Simpson delivered the opinion of the court:

The judgment in this case seems to have been rendered by default, and to be founded alone on the statements contained in the notice, without any proof of the facts which would have authorized the court to render it. In a summary proceeding against the

Jan. 1, 1857.

1. The statements in a notice of a motion against a sheriff and his sureties, for failing to pay money to a

TODD, &c.
vs.
CAINES.

county creditor,
cannot be taken
for confessed;
the court should
hear proof of
the facts show-
liability.

Sheriff and his sureties on notice, the motion should be heard by the court, and the judgment rendered in conformity with the proof adduced in support of it. Although the defendants may make default, the statements in the notice cannot be taken for confessed, but the matters relied on to sustain the motion must be established by proof. If it appeared by the record that the motion had been heard by the court, the presumption would arise, nothing appearing to the contrary, that the testimony heard on the trial authorized the judgment that was rendered; but the record does not show that the motion was heard by the court, and the judgment purports to have been rendered by default; for this reason, therefore, the judgment must be deemed to be erroneous.

2. The ten per
cent. allowed a
gainst a sheriff
and his sureties
for failing to pay
a county credi-
tor, according to
the order of the
county court, is
in the form of
damages upon
the sum due, and
not a running
interest upon
the sum due.

But the judgment is in other respects objectionable. A Sheriff failing to pay a county creditor is made liable by the statue to the creditor for his demand, with ten per centum upon the amount due. The ten per centum allowed by the statute is not given in the form of interest, or made payable annually, but is given in the form of damages on the amount due. The judgment, however, is for interest on the sum due at the rate of ten per centum per annum from the time payment of the claim was demanded until paid. The interest is not authorized by the statute, and was improperly allowed.

3. It should be
made appear to
the court that
there was funds
in the sheriff's
hands to pay the
claim after sat
isfving      all
claims previous
ly ordered by
the county c'rt
to be paid; and
the notice sho'd
state that fact.

The claim of the plaintiff in the motion was ordered to be paid by the court, at a term subsequent to that at which the county levy for the year had been imposed, it was therefore incumbent on the plaintiff to make it appear that there was in the hands of the Sheriff a sufficient sum to pay him, after deducting the previously allowed claims. It is only in such a state of case that he could compel the Sheriff to pay his claim. (*Revised Statutes, page* 213.) The notice fails to state that such was the fact, and as judgment was rendered by default, no presumption can be indulged that it was made to appear in proof.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.